```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
IRVING H. PICARD,                    :
                                     :
               Plaintiff,            :
                                     :
          -v-                        :
                                     :
SONJA KOHN, ERWIN KOHN, ROBERT KOHN, RINA
HARTSTEIN, MOISHE HARTSTEIN, MORDECHAI:
LANDAU, ERKO, INC., EUROVALEUR, INC.,:
INFOVALEUR, INC., TECNO DEVELOPMENT &:
RESEARCH S.R.L., TECNO DEVELOPMENT & :
RESEARCH LTD., SHLOMO AMSELEM, HASSANS
INTERNATIONAL LAW FIRM, HERALD ASSET :
MANAGEMENT LTD., 20:20 MEDICI AG, PETER
SCHEITHAUER, ROBERT REUSS, UNICREDIT BANK
AUSTRIA AG, GERHARD RANDA, STEFAN    :      11 Civ. 1181 (JSR)
ZAPOTOCKY, BANK AUSTRIA WORLDWIDE FUND:
MANAGEMENT LTD., URSULA RADEL-       :         ERRATUM
LESZCZYNSKI, UNICREDIT S.p.A., ALESSANDRO
PROFUMO, PIONEER GLOBAL ASSET MANAGEMENT,
S.P.A., et al., PALLADIUM CAPITAL    :
ADVISORS LLC, WINDSOR IBC, Inc.,     :
MARIADELMAR RAULE, FRANCO MUGNAI, PAUL de
SURY, DANIELE COSULICH, ABSOLUTE     :
PORTFOLIO MANAGEMENT LTD., MEDICIFINANZ
CONSULTING GmbH, MEDICI S.R.L., MEDICI
CAYMAN ISLAND LTD., BANK MEDICI AG   :
(GIBRALTAR), REVITRUST SERVICES EST.,:
HELMUTH FREY, MANFRED KASTNER, JOSEF :
DUREGGER, ANDREAS PIRKNER, WERNER    :
TRIPOLT, ANDREAS SCHINDLER, FRIEDRICH:
KADRNOSKA, WERNER KRETSCHMER, WILHELM:
HEMETSBERGER, HARALD NOGRASEK, BANK  :
AUSTRIA CAYMAN ISLANDS LTD., GIANFRANCO
GUTTY, SOFIPO AUSTRIA GmbH, M-Tech   :
SERVICES GmbH, BRERA SERVIZI AZIENDIALE
S.R.L., REDCREST INVESTMENTS, INC., LINE
GROUP LTD., LINE MANAGEMENT SERVICES :
LTD., LINE HOLDINGS LTD., HERALD CONSULT
LTD., JOHN AND JANE DOES 1-100,      :
                                     :
               Defendants.           :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/11

A typographical error, which appears in the Court's Memorandum Order dated September 6, 2011, is hereby corrected by changing "territorially" to "extraterritorially" in the second sentence of the second paragraph on page 5.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:      New York, New York
            September 6, 2011

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
IRVING H. PICARD,                          :
                                           :
                 Plaintiff,                :
                                           :
           -v-                             :
                                           :
SONJA KOHN, ERWIN KOHN, ROBERT KOHN, RINA  :
HARTSTEIN, MOISHE HARTSTEIN, MORDECHAI     :
LANDAU, ERKO, INC., EUROVALEUR, INC.,      :
INFOVALEUR, INC., TECNO DEVELOPMENT &      :
RESEARCH S.R.L., TECNO DEVELOPMENT &       :
RESEARCH LTD., SHLOMO AMSELEM, HASSANS     :
INTERNATIONAL LAW FIRM, HERALD ASSET       :
MANAGEMENT LTD., 20:20 MEDICI AG, PETER    :
SCHEITHAUER, ROBERT REUSS, UNICREDIT BANK  :
AUSTRIA AG, GERHARD RANDA, STEFAN          :
ZAPOTOCKY, BANK AUSTRIA WORLDWIDE FUND     :    11 Civ. 1181 (JSR)
MANAGEMENT LTD., URSULA RADEL-             :
LESZCZYNSKI, UNICREDIT S.p.A., ALESSANDRO  :
PROFUMO, PIONEER GLOBAL ASSET MANAGEMENT,  :
S.P.A., et al., PALLADIUM CAPITAL          :
ADVISORS LLC, WINDSOR IBC, Inc.,           :    MEMORANDUM ORDER
MARIADELMAR RAULE, FRANCO MUGNAI, PAUL de  :
SURY, DANIELE COSULICH, ABSOLUTE           :
PORTFOLIO MANAGEMENT LTD., MEDICIFINANZ    :
CONSULTING GmbH, MEDICI S.R.L., MEDICI     :
CAYMAN ISLAND LTD., BANK MEDICI AG         :
(GIBRALTAR), REVITRUST SERVICES EST.,      :
HELMUTH FREY, MANFRED KASTNER, JOSEF       :
DUREGGER, ANDREAS PIRKNER, WERNER          :
TRIPOLT, ANDREAS SCHINDLER, FRIEDRICH      :
KADRNOSKA, WERNER KRETSCHMER, WILHELM      :
HEMETSBERGER, HARALD NOGRASEK, BANK        :
AUSTRIA CAYMAN ISLANDS LTD., GIANFRANCO    :
GUTTY, SOFIPO AUSTRIA GmbH, M-Tech         :
SERVICES GmbH, BRERA SERVIZI AZIENDIALE    :
S.R.L., REDCREST INVESTMENTS, INC., LINE   :
GROUP LTD., LINE MANAGEMENT SERVICES       :
LTD., LINE HOLDINGS LTD., HERALD CONSULT   :
LTD., JOHN AND JANE DOES 1-100,            :
                                           :
                 Defendants.               :
                                           :
------------------------------------------ x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/11

JED S. RAKOFF, U.S.D.J.

On May 31, 2011, the Court, after receiving full briefing from the parties, heard oral argument on the motion by defendant UniCredit S.p.A. ("UniCredit") to withdraw the bankruptcy reference of adversary proceeding No. 10-5411 (BRL) (the "Kohn Action") filed by Irving Picard (the "Trustee"), the trustee appointed pursuant to the Securities Investment Protection Act of 1970 ("SIPA") for the liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"). On June 3, 2011, the Court issued a "bottom-line" Order granting the motion to withdraw the bankruptcy reference for the purpose of resolving the following issues: (1) whether the Trustee has standing to bring the Kohn Action against UniCredit; (2) whether the Trustee's common law claims brought against UniCredit are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"); and (3) whether the Trustee's RICO claims against UniCredit are barred because those claims are extraterritorial in nature, are barred by the Private Securities Litigation Reform Act ("PSLRA"), are barred by proximate causation principles, or fail to plausibly allege the elements of a RICO claim. As stated in open court on May 31, 2011, see Tr., the Court granted UniCredit's motion to withdraw the reference to the Bankruptcy Court in order to address the issues of standing and SLUSA preemption for the same reasons enumerated in Picard v. HSBC Bank PLC,

450 B.R. 406 (S.D.N.Y. 2011).[1]  This Memorandum Order explains the reasons for withdrawing the reference in order to address the threshold issues concerning the Trustee's RICO claims against UniCredit.

By way of background, on December 10, 2010, the Trustee filed a complaint which named UniCredit in claims alleging, inter alia, RICO violations, Am. Compl. ¶¶ 413-33, as well as common law claims, including unjust enrichment, id. ¶¶ 573-77, and conversion, id. ¶¶ 578-581.  The Trustee alleges that UniCredit and the other defendants named in the complaint were all part of an international "Illegal Scheme" masterminded by Sonja Kohn – dubbed the "Medici Enterprise" -- to feed $9.1 billion of "other people's money into Madoff's Ponzi scheme." See id. ¶¶ 1-6.  The complaint alleges that by providing Madoff with a "constant influx of fresh capital," the defendants caused the entirety of the $19.6 billion in damages caused by Madoff's scheme. See id. ¶ 8.  The Trustee alleges that these losses should be tripled pursuant to RICO and thus seeks approximately $59 billion. Id.

---

[1] While the Opinion and Order issued in Picard v. HSBC Bank PLC, 450 B.R. 406 (S.D.N.Y. 2011), only discusses the Trustee's standing to bring common law claims, whether the Trustee has standing to bring RICO claims notwithstanding the fact that such authority is not expressly provided by SIPA similarly raises difficult issues of non-bankruptcy federal law. See Picard v. HSBC Bank PLC, --- B.R. ----, 2011 WL 3200298 (S.D.N.Y. 2011)(concluding that the Trustee lacks standing to bring claims not available to an ordinary bankruptcy trustee absent express authorization from SIPA).

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or raising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district. The Southern District of New York has a standing order in place that provides for automatic reference.

Notwithstanding the automatic reference, 28 U.S.C. § 157(d) describes circumstances in which the district court is authorized or required to withdraw the reference to the bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Withdrawal is required where the proceedings would require "a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991).

As an initial matter, it is clear that RICO is a federal non-bankruptcy statute, that is, a federal statute falling outside of the Bankruptcy Court's expertise. Moreover, the Court concludes that resolving the issues raised by UniCredit will require significant

4

interpretation of RICO, particularly in light of recent decisions addressing the extraterritorial application of RICO and the scope of the PSLRA's so-called "RICO Amendment," which bars RICO claims that are premised on securities violations. Specifically, the Court concludes that the following issues will require substantial and material interpretation of non-bankruptcy federal law: (1) whether RICO can be applied extraterritorially in this case, which primarily involves foreign actors; (2) whether the RICO claims are barred by the so-called "RICO Amendment" promulgated as part of the PSLRA; (3) whether the complaint adequately alleges proximate causation and the structural elements of a RICO claim.

Turning first to extraterritoriality, the Court concludes that determining whether the Trustee's RICO claims are extraterritorial in nature will require substantial interpretation of RICO. In response to the Supreme Court's decision in Morrison v. National Australia Bank Ltd., --- U.S. ----, 130 S. Ct. 2869 (2010), the Second Circuit recently held that RICO cannot be applied territorially. See Norex Petroleum v. Access Indus., Inc., 621 F.3d 29, 31 (2d Cir. 2010) (per curiam) (finding that RICO does not apply to actions that "primarily involve[] foreign actors and foreign acts"); see also Cedeno v. Intech Group, Inc., 733 F. Supp. 2d 471, 473 (S.D.N.Y. 2010) (holding that RICO does not apply extraterritorially). UniCredit contends that since forty-nine of the fifty-seven RICO defendants, including UniCredit and its affiliates, are foreign defendants and since the

complaint in the Kohn Action focuses on actions committed abroad by actors subject to foreign laws, whether the Kohn Action "primarily involves foreign actors and foreign acts" or "claims that are essentially extraterritorial in focus" will require substantial and material interpretation of new Second Circuit and Supreme Court jurisprudence. While it is now settled law that RICO cannot be applied extraterritorially, the Court agrees with UniCredit that determining the precise contours of this relatively new doctrine will require significant interpretation of RICO.

Turning to whether the RICO claims are barred by the PSLRA's RICO Amendment, the Court concludes that this issue also warrants withdrawal of the reference to the Bankruptcy Court. The RICO Amendment provides that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of [RICO]." 18 U.S.C. § 1964(c). It is clear from the plain language of the RICO Amendment that a complaint expressly alleging violations of the federal securities laws cannot form the basis for a RICO claim. In this case, however, it is undisputed that the Trustee has not expressly pled allegations of securities fraud. The issue then becomes whether the allegations in the Kohn Action effectively amount to securities fraud and thus trigger the RICO Amendment. UniCredit contends that notwithstanding the Trustee's "artful" pleading, the RICO claims are barred by the RICO Amendment because the complaint alleges conduct that would be

actionable under the federal securities laws. Specifically, the Trustee's complaint alleges the existence of an "Illegal Scheme" designed to "feed" investor money into Madoff's Ponzi scheme while "conceal[ing] the fact that the Medici Enterprise Feeder Funds were 100% invested through [Madoff Securities]" so that defendants could "avoid regulator and investor scrutiny." See, e.g., Am. Compl. ¶¶ 1, 5-6, 16, 18.

Courts in this Circuit have reached different conclusions about how broadly the RICO Amendment should be applied. Compare Cohain v. Klimley, 08 Civ. 5047 (PGG), 2010 WL 3701362, at *10 (S.D.N.Y. Sept. 20, 2010) ("[T]he PSLRA bars all RICO claims based on any conduct that could be actionable under the securities laws, including conduct that constitutes aiding and abetting securities fraud.") and Thomas H. Lee Equity Fund V, L.P., v. Mayer Brown, Rowe & Maw LLP, 612 F. Supp. 2d 267, 283 (S.D.N.Y. 2009) ("[T]he RICO Amendment bars claims based on conduct that could be actionable under the securities laws even when the plaintiff, himself, cannot bring a cause of action under the securities laws."), with OSRecovery, Inc. v. One Groupe Int'l, Inc., 354 F. Supp. 2d 357, 368-71 (S.D.N.Y. 2005) (holding that RICO claims based on purported aiding and abetting securities violation were not barred by RICO Amendment because they were not actionable by the same plaintiff who brought the RICO claims). Given that there is disagreement about the scope of the RICO Amendment and given that UniCredit's alleged misconduct is arguably

actionable under the federal securities laws, the Court concludes that determining whether the RICO Amendment bars the Trustee's RICO claims against UniCredit will require more than a "simple application" of the PSLRA, see City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991), and thus needs to be resolved by an Article III judge.

Finally, the Court concludes that determining whether the Trustee sufficiently alleges proximate causation and the structural elements of a RICO claim also mandates withdrawal of the reference. With respect to proximate causation, "the RICO statute requires that the pattern of racketeering activity or the individual predicate acts impose a direct injury on plaintiffs" and thus that "a person is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were a substantial factor in the sequence of responsible causation." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 123 (2d Cir. 2003) (internal citations and quotations omitted) (emphasis supplied). Here, there is a serious question as to whether UniCredit can be said to have directly caused injury to Madoff investors (who have no relationship with UniCredit) given the intervening misconduct of the two primary bad actors, Madoff and his now-defunct company Madoff Securities.

Determining whether the Trustee has plausibly alleged the structural elements of a RICO claim, such as the existence of an "enterprise" and UniCredit's participation in the "operation or management" of such enterprise, will also require substantial

8

interpretation of federal non-bankruptcy law. See, e.g., First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 176 (2d Cir. 2004) ("[O]ne is liable under RICO only if he 'participated in the operation or management of the enterprise itself.'"). "[A]n association-in-fact enterprise must have at least three structural features: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. United States, 129 S. Ct. 2237, 2244 (2009). Here, there is a serious question as to whether the disparate group of individuals and corporate entities named in the Kohn Action can plausibly be said to constitute an "enterprise" with a "common purpose" within the meaning of RICO. Even assuming arguendo that the complaint adequately pleads the existence of an enterprise, there is a serious question as to whether the amended complaint plausibly alleges that UniCredit participated in the "operation or management" of the enterprise, that is, that UniCredit played "some part in directing the enterprise's affairs." First Capital, 385 F.3d at 176 (internal quotation marks omitted) (emphasis supplied). Here, while the Trustee alleges that the purported RICO enterprise was "conceived" and "largely directed" by Kohn who "masterminded" the "vast illegal scheme to exploit her privileged relationship with Madoff," Am. Compl. ¶¶ 1, 5, the amended complaint suggests that UniCredit's role was much more limited. The core allegations concerning UniCredit are that UniCredit, in an effort

9

to generate fees, "fed" investor money into the Madoff Securities and "disguised" these investments by making them indirectly through feeder funds. Id. ¶¶ 19, 338-44. Thus, whether the Trustee's complaint sufficiently alleges that UniCredit played a role in the operation or management of the purported enterprise is another issue mandating withdrawal of the reference to the Bankruptcy Court.

Accordingly, for the foregoing reasons the Court affirms its June 3, 2011 Order withdrawing the reference to the Bankruptcy Court for the limited purpose of addressing the following threshold issues: (1) whether the Trustee has standing to bring the Kohn Action against UniCredit; (2) whether the Trustee's common law claims brought against UniCredit are preempted by SLUSA; and (3) whether the Trustee's RICO claims against UniCredit are barred because those claims are extraterritorial in nature, are barred by the PSLRA, are barred by proximate causation principles, or fail to plausibly allege the elements of a RICO claim.

The Clerk of the Court is hereby directed to close document number 1 on the docket of the case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        September 6, 2011